UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS OMAR BENITEZ, | Case No. 3:19-cv-00180-LRH-CLB |
| Petitioner, | |
| v. | ORDER |
| ISIDRO BACA, et al., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss (ECF No. 15) in response to Benitez's petition for writ of habeas corpus (ECF No. 9). Respondents argue that the lone claim in the petition is not cognizable as a ground for federal habeas relief and, alternatively, that Benitez has failed to exhaust state court remedies for the claim. Benitez has not filed a response to the motion to dismiss. For reasons that follow, the court will grant the motion and dismiss the petition.

I.  BACKGROUND

With his petition, Benitez, a Nevada prisoner serving consecutive sentences on several counts of robbery with use of a deadly weapon, challenges the manner in which the Nevada Department of Corrections (NDOC) has applied, or failed to apply, statutory credits to his sentence. ECF No. 9.

///

///

In October 2017, Benitez filed a state habeas corpus petition challenging the NDOC's failure to apply statutory credits to his minimum sentence. ECF No. 16-1. The state district court entered an order directing the NDOC to verify the application of statutory credits to Benitez's sentence and to provide a "new parole eligibility date on his final sentence." ECF No. 16-6. In response to that order, the NDOC provided a report verifying the application of statutory credits and recalculated Benitez's parole eligibility date. ECF No. 16-7. The state district court entered a final order concluding that the NDOC's recalculation had complied with its prior order. ECF Nos. 16-8/9.

Benitez appealed, arguing that the NDOC did not properly recalculate his sentence. ECF No. 16-14. In January 2019, the Nevada Court of Appeals entered an order affirming the lower court's resolution of Benitez's habeas petition. ECF No. 16-19.

Benitez initiated federal proceedings on or about March 27, 2019, by mailing or handing to a prison official for mailing, his federal petition for writ of habeas corpus. ECF No. 9. On June 10, 2019, this court filed Benitez's federal habeas corpus petition. *Id*.

On January 28, 2020, respondents filed the motion to dismiss now before the court for decision. ECF No. 15.

II.     DISCUSSION

Respondents argue that Benitez's petition does not state a cognizable federal habeas claim because it is based entirely on the Nevada appellate court's application of Nevada law, in particular, Nev. Rev. Stat. § 209.4465 and *Williams v. State Department of Corrections*, 402 P.3d 1260 (Nev. 2017).

A federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). To obtain habeas relief, a petitioner must demonstrate a transgression of federal law binding on the state courts. *Id*. Thus, if the petitioner's claim is premised merely on an alleged misapplication of state law, he fails to state a cognizable claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780

(1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

On the other hand, a petitioner may state a cognizable claim for federal habeas relief under the Due Process Clause where a state arbitrarily deprives him of a state created liberty interest, which includes a prisoner's good-time credits. *See*, *e.g.*, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (holding that the requirements of due process are satisfied only if "some evidence" supports the decision to revoke a prisoner's good-time credits); *Wolf v. McDonnell*, 418 U.S. 539, 571–72 (1974) (holding that a state-created right to good-time credits, which could be forfeited only for serious misbehavior, constituted a liberty interest protected by the Due Process Clause); *Fetterly v. Paskett*, 997 F. 1295, 1300 (9th Cir. 1993) ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state.").

Here, Benitez does not allege that the State arbitrarily deprived him of statutory credits to which he was otherwise entitled. Instead, his challenge presents a legal issue that depends entirely on the construction of state law for its resolution. In other words, his petition asks this court to overrule the Nevada courts' application of Nevada law to his sentence, an undertaking plainly beyond the federal court's purview. Moreover, Benitez cannot claim he was deprived of due process given that he petitioned the state court for relief in relation to the calculation of his sentence, obtained some measure of relief from the state district court, and was provided with appellate review of that decision.

Thus, this court agrees that Benitez fails to state a claim upon which federal habeas relief may be granted. For that reason, his petition will be dismissed. The court need reach respondents' argument that Benitez failed to exhaust state court remedies before proceeding in federal court.

3

### III. CONCLUSION

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 15) is GRANTED. Benitez's petition for writ of habeas corpus (ECF No. 9) is DISMISSED with prejudice. The Clerk shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied, as jurists of reason would not find the court's dismissal of the petition to be debatable or incorrect.

DATED this 28th day of May, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE